IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 15-06-M-DLC |
| Plaintiff, | |
| vs. | ORDER |
| YUSUF DESHAWN REEVES, | |
| Defendant. | |

Defendant Reeves moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 outbreak. He is currently serving a 121-month sentence for a federal drug offense and for interstate travel in furtherance of racketeering (prostitution). *See* Judgment (Doc. 113). His projected release date is October 8, 2023. *See* Inmate Locator, www.bop.gov/inmateloc (accessed Nov. 2, 2020).

As of October 30, 2020, eleven inmates and three staff members at FCI Terre Haute, Indiana, where Reeves is incarcerated, currently test positive for the virus or disease. One hundred thirty inmates and fourteen staff members have recovered, but one inmate died. *See* Interactive Map, www.bop.gov/coronavirus (accessed Nov. 2, 2020).

1

Under 18 U.S.C. § 3582(c)(1)(A), any sentence reduction must be consistent with the corresponding policy statement in the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018).[1]  After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce Reeves' sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13(1)(A). A defendant's medical condition may constitute an "extraordinary and compelling reason." *See* U.S.S.G. § 1B1.13 cmt. n.1(A). Reeves must also show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) requires the Court to consider, among other things, "the nature and circumstances of the offense" of conviction and "the history and characteristics of the person, including . . . the person's character [and] physical . . . condition." 18 U.S.C. § 3142(g)(1), (3)(A). Because § 3553(a) and § 3142(g) are similar, the Court considers them together under the second prong of the guideline.

---

[1] The Court disregards the guideline's statements requiring a motion from the Director of the Bureau of Prisons because that requirement is now "contrary to the statute." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984); 18 U.S.C. § 3582(c)(1)(A) (authorizing court to act "upon motion of the defendant"); First Step Act of 2018, Pub. L. No. 115-391, tit. VI, § 603(b)(1), 132 Stat. 5194, 5239 (Dec. 21, 2018); *United States v. Wong*, 2 F.3d 927, 929–30 (9th Cir. 1993).

Considering the first prong of the guideline, the question is whether an extraordinary and compelling reason supports Reeves' release.  He is 53 years old and has a history of cardiomyopathy, prostate cancer, type II diabetes, morbid obesity, hypertension, chronic kidney disease, and chronic lung disease.  *See* Keller Letter (Doc. 182-1) at 1–2.[2]  The Centers for Disease Control ("CDC") identifies six of these as conditions that *will* increase the risk of Reeves developing severe illness if he is infected by SARS-CoV-2.  His hypertension might increase his risk as well.  And "[t]he more underlying medical conditions someone has, the greater their risk is for severe illness from COVID-19."  *See* Centers for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed Oct. 30, 2020).

The United States asserts that Reeves' medical conditions have not "restricted his day-to-day activities within the facility."  *See* U.S. Supp. Resp. (Doc. 190) at 2.  Reeves' abilities when he is not infected with SARS-CoV-2 are not the point.  His medical conditions likely will "substantially diminish[] the ability of the defendant to provide self-care within the environment of a

---

[2] The CDC modified its list of conditions on July 17, 2020, shortly after the date of Dr. Keller's letter.  The modified list does not undermine Dr. Keller's point.

3

correctional facility," U.S.S.G. § 1B1.13 cmt. n.1(A), if he contracts COVID-19. Further, Reeves cannot choose for himself to limit his interactions with fellow inmates or staff or take extra protective or hygienic measures against the virus.

Nor is it realistic for courts to consider granting compassionate release only when an emergency arises. When the virus is active in a facility, it is already too late for compassionate release. Even releasees who appear to be healthy must be quarantined to avoid placing the community at risk, and the releasee is of course more likely to become ill when the virus has already entered a facility. *Cf.* U.S.S.G. § 1B1.13(2).[3]

Reeves meets the first prong of the guideline. His age and medical conditions are extraordinary and compelling enough to support his release.

The next question is whether he can be released without creating a danger to the community. In that respect, this is a troubling and difficult case.

With others, Reeves trafficked in methamphetamine, heroin, and prostitutes. *See* 18 U.S.C. § 1952(a)(3); 21 U.S.C. §§ 846, 841(a)(1). He did not carry a gun, but he knew one of his co-conspirators did. *See, e.g.*, Presentence Report (Doc.

---

[3] The Court is not persuaded that the events occurring over the summer remain pertinent to the motion. As Reeves points out, the information the United States presents is questionable because it is multiple hearsay, relayed by counsel and attributed to "the facility." High risk of exposure to disease is emphatically not a "term[] of incarceration . . . imposed to hold offenders accountable for their criminal actions." U.S. Supp. Resp. (Doc. 190) at 5. But Reeves does not contend that the conditions he experienced last summer continue today.

115) ¶¶ 82, 98; *see also* Statement of Reasons (Doc. 114) at 1 § I(A). Reeves recruited men to obtain or distribute drugs for him by using their addictions for his benefit. He did the same to women, except he used them both to distribute drugs and to prostitute themselves for his benefit. When their addictions did not hold them to him, he used or directed others to use intimidation and force. *See, e.g.*, Presentence Report ¶¶ 46–50, 58–61. Reeves was the leader of this exploitive enterprise, directing others to obtain rental cars and hotel rooms and place advertisements to solicit johns or doing these things himself. *See* Statement of Reasons (Doc. 114) at 1 § I(A); Presentence Report (Doc. 115) ¶ 100 (applying four-level enhancement for role in the drug offense); *see also, e.g.*, *id*. ¶¶ 69, 76, 81. At the time of sentencing, the Court took into account Reeves' known serious health issues. Still, a sentence of 121 months was the lowest term necessary to reflect the seriousness of the offense and deter Reeves from engaging in further criminal conduct. *See* Statement of Reasons at 4 § VIII (citing 18 U.S.C. § 3553(a)).

Reeves asks to be released to home confinement in Seattle. He has no discernible means of self-support other than disability payments, which he said were not enough to sustain him. *See* Presentence Report ¶ 207. In committing the federal offense, Reeves frequently traveled from Spokane to Missoula. Yet some

5

of the essential tasks he performed in the enterprise are things he could do from a living room couch. He has demonstrated ability to direct others and interpose himself as a middleman between suppliers and distributors, distributors and prostitutes, and prostitutes and johns. He was willing to use violence, but the most dangerous weapon in his hands may have been a cell phone.

Reeves' mother avers that she would report any violations of his conditions of release. *See* Fregia Aff. (Doc. 182-3) at 2 ¶ 10. Hard as it would be for her to do that, when finding Reeves in violation would probably result in his detention in local jails and then prison, the Court respects what she says. But she has to be aware of violations in order to report them.

The Court has thought long and hard about Reeves' future as well as his past offense. His health was already a serious concern and is even more so in light of the global pandemic. But, on balance, the Court cannot muster sufficient confidence that Reeves will comply with conditions of release to home confinement. The nature of his offense and his history and characteristics make him too likely to endanger the public, specifically drug addicts and women who are already vulnerable to manipulation and abuse.

Reeves' medical conditions are extraordinary and compelling, but they do not help him to meet the second prong of the guideline. The motion for

compassionate release must be denied. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

Accordingly, IT IS ORDERED that Reeves' motion for compassionate release (Doc. 181) is DENIED.

DATED this 2nd day of November, 2020.

Dana L. Christensen, District Judge
United States District Court